FILED

01/20/2017

Clerk of the
Appellate Courts



# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 20, 2016

## STATE OF TENNESSEE v. KEVIN MONTRELL THOMPSON

### Appeal from the Criminal Court for Hamilton County
### No. 205489, 205561 Barry A. Steelman, Judge

_____

### No. E2016-01565-CCA-R3-CD

_____

The Defendant, Kevin Montrell Thompson, appeals the trial court's denial of his motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant's appeal is untimely, and we conclude that the interest of justice does not support the waiver of the untimely notice of appeal. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Kevin Montrell Thompson, Ashland, Kentucky, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The relevant history of the Defendant's case was summarized by this court as follows:

In March, 1995, Defendant was indicted by the Hamilton County Grand Jury in case number 205488 and 205489 for the sale and delivery of cocaine on December 29, 1994, and in case number 205561 for the sale and delivery of marijuana on December 30, 1994. We note that, for some unknown reason, there are two cases numbers (205488 and 205489) on a single two-count indictment. We will refer to the charges in that indictment as case number 205489, as reflected in the judgment. On January 17, 1996, Defendant signed a petition to enter guilty pleas to: selling cocaine in an amount less than 0.5 grams in case number 205489, in exchange for an agreed upon sentence of four years to be served consecutive to a prior sentence (in case number 196078); and selling marijuana in case number 205561, in exchange for an agreed upon sentence of "1 year Range I concurrent." Judgments reflect that Defendant pleaded guilty: in case number 205489 to the Class C felony offense of sale of cocaine in an amount less than 0.5 grams and received a sentence of four years to be served consecutive to a prior sentence (in case number 196078); and in case number 205561, Defendant pleaded guilty to the Class E felony offense of selling marijuana and received a sentence of one year. In case number 205561, the judgment is silent as to whether Defendant's sentence should run concurrent with or consecutive to his sentence in case number 205489. Likewise, the judgment in case number 205489 is silent as to whether the sentence is to be served consecutive to, or concurrent with the sentence in case number 205561.

In July, 1998, Defendant was indicted by the Hamilton County Grand Jury in case number 222104, for possession of marijuana on March 18, 1998, with intent to sell; in case number 222105, for possession of 0.5 grams or more of cocaine on March 18, 1998, with intent to sell; and in case number 222353, for possession of 0.5 grams or more of cocaine on January 19, 1998, with intent to sell. In February, 2000, Defendant was indicted in case number 231805 for possession of 0.5 grams or more of cocaine on October 26, 1999, with intent to sell. On June 13, 2000, Defendant signed a petition to enter guilty pleas to: possession of marijuana with intent to sell in case number 231805, in exchange for an agreed upon sentence of two years; possession of cocaine with intent to sell in case number 222105, in exchange for an agreed upon sentence of eight years; possession of cocaine with intent to sell in case number 222353, in exchange for an agreed upon sentence of eight years; and possession of cocaine with intent to sell in case number 231805, in exchange of an agreed upon sentence of eight years. The plea agreement states that "[a]ll sentences are concurrent" and were to be served on intensive probation.

Judgments reflect that Defendant pleaded guilty in case number 222104 to the Class E felony offense of possession of marijuana with intent to sell, and he received a sentence of two years to be served on probation; in case number 222105, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation; in case number 222353, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation; and in case number 231805, Defendant pleaded guilty to the Class B felony offense of possession of cocaine with intent to sell, and he received a sentence of eight years to be served on probation. All four judgments are silent as to whether Defendant's sentences would run concurrent with or consecutive to each other. An amended judgment was subsequently entered in case number 222104. The only difference between the amended judgment and original judgment that we perceive is that the amended judgment requires Defendant to submit a DNA sample, and there is a slight difference in the amount of fines and the dates of Defendant's pretrial jail credits.

On May 22, 2014, Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences were illegal because the trial court ordered them to be served concurrently rather than consecutively in direct contravention of Tennessee Rule of Criminal Procedure 32(c)(3) and Tennessee Code Annotated section 40-30-111(b). On June 5, 2014, the trial court summarily denied Defendant's motion because Defendant's "sentences have expired . . . , even if one or more of the sentences were illegal under T.C.A. § 40[-]30[-]11[1](b) or Tenn. R. Crim. P. 32(c)(3)(C), the Court could not find that one or more of them are illegal, as Rule 36.1 requires."

*State v. Kevin M. Thompson a.k.a. Kevin M. Albert*, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *1 (Tenn. Crim. App. Apr. 1, 2015). On appeal, this court reversed the trial court's summary dismissal and remanded the case for further proceedings, holding that Rule 36.1 did "not exempt its applicability to 'expired' sentences and that the Defendant's sentences would not be expired if they ran consecutively. *Id.* at *4. We note that at the time of this decision, the Tennessee Supreme Court had not yet decided *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015) and *State v. Wooden*, 478 S.W.3d 585 (Tenn. 2015).

On December 29, 2015, the trial court entered an order denying the Defendant's Rule 36.1 motion to correct an illegal sentence without a hearing. The trial court

reasoned that in light of the then recent decisions of the Tennessee Supreme Court, *Brown*, 479 S.W.3d at 210, and *Wooden*, 478 S.W.3d at 588, the Defendant's Rule 36.1 motion should be dismissed because his sentences had expired. On January 25, 2016, the Defendant filed a motion for reconsideration of the trial court's denial, which the trial court denied on February 1, 2016. On April 21, 2016, the Defendant filed a motion to the trial court to reenter its December 29, 2015 order, claiming that he "had no notice that [the] court had entered a[n] order of judgment." The trial court denied the Defendant's motion on May 9, 2016, reasoning that the Defendant's motion to reconsider filed on January 25, 2016, "belies his present allegation that he did not learn of the disposition of his motion to correct illegally concurrent sentences until February 2016.…" On June 8, 2016, the Defendant filed a notice of appeal of the trial court's denial of his Rule 36.1 motion.

## ANALYSIS

The Defendant argues that the trial court erred by dismissing his Rule 36.1 motion because his "illegal sentences were never served" and, therefore, never expired. He also argues for the first time on appeal that the trial judge should have recused himself from deciding the Defendant's Rule 36.1 motion. *See* Tenn. Sup. Ct. R. 10B § 1.01 ("Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion.").

The State argues that the Defendant's notice to appeal was untimely. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P. 4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the Rule." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). In determining whether waiver is appropriate this court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." *Id.* It is the burden of the defendant to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(a).

The Defendant filed his notice of appeal over four months after the deadline. He did not respond to the State's argument regarding his untimely notice. Although the

Defendant contends that he did not receive notice of the filing of the trial court's order, his argument is outside the realm of possibility because he filed a motion to reconsider the order of which he claims to never have received notice, and he did so prior to the closing of the thirty-day period for filing a notice of appeal. Further, the Defendant's motion to reconsider had no effect on the deadline for a notice of appeal because a motion to reconsider does not toll the thirty-day requirement. *Rockwell*, 280 S.W.3d at 214. "Although [the Defendant's] filing was pro se, Rule 4 does not relieve pro se [defendants] from the [thirty-day] notice requirement." *Michelle Pierre Hill*, 1996 WL 63950, at *1. Thus, the Defendant's pro se status is but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. *Id.*

Our review of the issues raised on appeal in consideration with the record as a whole fails to persuade this court that the interest of justice requires this court to excuse the untimely filing of the notice of appeal document. A review of the issues presented on appeal leads us to conclude that the Defendant would not, in any event, be entitled to relief. We hold that the interests of justice do not support the waiver of the untimely filing of the notice of appeal.

## CONCLUSION

Accordingly, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE